**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LATRIS JOLLA, CARLIYAH BRACKEN, STEVEN RHODES ON BEHALF OF HIMSELF AND HIS MINOR CHILDREN, and KAELYN FRANKLIN ON BEHALF OF HERSELF AND HER MINOR CHILDREN,**<br><br>**individually and on behalf of all others similarly situated**,<br><br>       **Plaintiffs,**<br><br>   **v.**<br><br>**ACADIA HEALTH, LLC d/b/a JUST KIDS DENTAL,**<br><br><br>       **Defendant.** | CIVIL ACTION<br><br>CASE NO. 3:23-cv-01370-SDD-EWD<br><br><br>CHIEF JUDGE SHELLY D. DICK<br><br>MAGISTRATE JUDGE ERIN WILDER-DOOMES |

**ORDER**
**GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**WHEREAS,** the above-captioned class action is pending in this Court (the "Action");

**WHEREAS,** Plaintiffs Latris Jolla, Carliyah Bracken, Steven Rhodes, on behalf of himself and his minor children, and Kaelyn Franklin on behalf of herself and her minor children ("Plaintiffs") and Defendant Acadia Health, LLC d/b/a Just Kids Dental, ("JKD" or "Defendant") have entered into a Settlement Agreement (the "Settlement Agreement") that settles the above-captioned litigation and provides for a complete dismissal with prejudice of the claims asserted against Defendant in the above-captioned action on the terms and conditions set forth in the Settlement Agreement, subject to the approval of the Court;

**WHEREAS**, Plaintiffs have made an application, pursuant to Rule 23, for an order preliminarily approving the Settlement in accordance with the Settlement Agreement, certifying the Settlement Class for purposes of the Settlement only, appointing Latris Jolla, Carliyah Bracken,

Steven Rhodes, and Kaelyn Franklin as Class Representatives, appointing Class Counsel as counsel for the Settlement Class, appointing Simpluris as Settlement Administrator, and allowing notice to Settlement Class Members as more fully described herein;

**WHEREAS**, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Settlement Agreement and exhibits attached thereto; and

**WHEREAS**, unless otherwise defined herein, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.      **<u>Class Certification for Settlement Purposes Only</u>**. For settlement purposes only and pursuant to Rule 23, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class in this matter defined as follows:

> "all persons whose Private Information was compromised as a result of the Data Breach discovered by Acadia Health, LLC d/b/a Just Kids Dental in August 2023 including all those to whom Defendant provided notice in or about September 2023."

> The Settlement Class is inclusive of three subclasses:

> <u>The Minor Subclass</u>:  Settlement Class Members who were minors at the time of the Data Incident.

> <u>The Adult Subclass</u>:  Settlement Class Members who are not a member of the Minor Subclass.

> <u>The SSN Subclass</u>:  Settlement Class Members whose Social Security numbers were potentially compromised during the Data Incident.

The Settlement Class includes approximately 129,463 people, with approximately 50,476 individuals who are members of the Minor Subclass and 78,987 members of the Adult Subclass. Of the 129,462 Settlement Class Members, approximately 14,645 are also members of the SSN Subclass. The Settlement Class and associated subclasses specifically exclude: (1) the judge

presiding over this Action, and members of his direct family; (2) Defendant, and its current or former officers and directors; and (3) Settlement Class Members who submit a valid a Request for Exclusion prior to the Opt-Out Deadline.

2.    **Class Findings**:  The Court provisionally finds, for settlement purposes only, that: (1) class and subclass members are so numerous to make joinder impractical; (2) there are questions of law and fact common to the class and subclasses; (3) the claims of the representative parties are typical of the claims or defenses of the class and subclasses; and (4) the named representatives will fairly and adequately represent the class and subclasses; (5) common questions of law or fact predominate such that a class action is superior to individual actions.

3.    **Class Representatives and Settlement Class Counsel**:  Latris Jolla, Carliyah Bracken, Steven Rhodes, and Kaelyn Franklin are hereby provisionally designated and appointed as the Class Representatives. The Court provisionally finds that the Class Representatives are similarly situated to absent Settlement Class Members and therefore typical of the Settlement Class and that they will be adequate Class Representatives.  The Court further finds that Mason LLP and Siri & Glimstad LLP are experienced and adequate counsel and are hereby provisionally designated as Settlement Class Counsel.

4.    **Preliminary Settlement Approval**.  The Court hereby preliminarily approves the Settlement, as embodied in the Settlement Agreement, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Final Approval Hearing to be conducted as described below.  The Court finds that the proposed settlement is within the range of reasonableness and that it is worthwhile to provide notice to the class.

5. **Final Approval Hearing**. A Final Approval Hearing shall be held **at 10:00 a.m. on August 7, 2025, in Courtroom Three, at the Russell B. Long Federal Building and Courthouse, 777 Florida Street, Baton Rouge, Louisiana,** for the following purposes:

a. To determine whether the proposed Settlement is fair, reasonable, and adequate to the Class and should be approved by the Court;

b. To determine whether to enter a Final Approval Order, as defined in the Settlement Agreement;

c. To determine whether the Notice Plan conducted was appropriate;

d. To determine whether the claims process under the Settlement is fair, reasonable and adequate and should be approved by the Court;

e. To determine whether the requested Class Representative Service Awards in the combined amount of $12,000 ($3,000 per Class Representative) and Class Counsel's combined Fee Award in the amount not to exceed $306,250.00 and costs not to exceed $25,000 should be approved by the Court;

f. To determine whether the settlement benefits are fair, reasonable, and adequate; and

g. To rule upon such other matters as the Court may deem appropriate.

6. **Retention of Claims Administrator and Manner of Giving Notice**. Class Counsel is hereby authorized to retain Simpluris (the "Settlement Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claim Forms as set for more fully below.

7. **Approval of Form and Content of Notice**. The Court (a) approves, as to form and content, the Long Form Notice, Short Form Notice, and Claim Forms attached to the Settlement Agreement as Exhibits A, B and C, and (b) finds that the Notice provided to Settlement Class

Members as set forth in the Settlement Agreement (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the releases to be provided thereunder), of Class Counsel's request for Fee Award and Expenses, of Class Representatives' request for a Service Award, of Class Members' right to object to the Settlement, of Class Members' right to exclude themselves from the Settlement Class, and of Class Members' right to appear at the Final Approval Hearing; (iii) constitutes due, adequate and sufficient notice to all persons entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 and Due Process, and all other applicable law and rules.  The date and time of the Final Approval Hearing shall be included in the Notice before it is distributed so long as that date is known at the time of Notice.

8.      **Participation in the Settlement**.  Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form and must do so within ninety (90) days after Notice is sent to the Settlement Class Members.  If a Final Approval Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Settlement Agreement, the Release included in that Settlement Agreement, and the Final Approval Order and Judgment.

9.      **Claims Process and Distribution and Allocation Plan**. The Settlement Agreement contemplates a process for the Settlement Administrator to assess and determine the validity and value of claims and a payment methodology to Settlement Class Members who submit

a timely, valid Claim Form. The Court preliminarily approves the claims process described in the Settlement Agreement and directs that the Settlement Administrator to effectuate the distribution of Settlement consideration according to the terms of the Settlement Agreement, should the Settlement be finally approved.

10.    **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written notification of their intent to exclude himself or herself from the Settlement Class to the Settlement Administrator at the address provided in the Notice, postmarked no later than **60 Days after the date Notice is mailed to the Settlement Class Members** (the "Opt-Out/Exclusion Deadline"). The written notification must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement at the top of the communication.

Any Settlement Class Member who does not timely and validly exclude himself or herself from the Settlement shall be bound by the terms of the Settlement Agreement. If a Final Approval Order and Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in this matter, including but not limited to the Release set forth in the Final Approval Order and Judgment, including Settlement Class Members who have previously initiated or who subsequently initiate any litigation against any or all of the Released Parties relating to the claims and transactions released in the Settlement Agreement. All Settlement Class Members who submit valid and timely notices of exclusion from the Settlement Class shall not be entitled to receive any benefits of the Settlement.

11.     **<u>Objections and Appearances</u>**. No Settlement Class Member shall be heard, and

no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall

be received and considered by the Court, unless the objection is mailed first-class postage prepaid

to the Settlement Administrator at the address listed in the Notice, and postmarked by no later than

the Objection/Exclusion Deadline, as specified in the Notice. For an objection to be considered by

the Court, the objection must also include all of the information set forth in Paragraph 85 of the

Settlement Agreement, which is as follows: (i) the name of the proceedings; (ii) the Settlement

Class Member's full name, current mailing address, and telephone number; (iii) a statement of the

specific grounds for the objection, as well as any documents supporting the objection; (iv) the

identity of any attorneys representing the objector; (v) a statement regarding whether the

Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing;

(vi) a statement identifying all class action settlements objected to by the Settlement Class Member

in the previous 5 years; and (vii) the signature of the Settlement Class Member or the Settlement

Class Member's attorney.

12.     Any Settlement Class Member who fails to comply with the provisions in

Paragraph 11 may waive and forfeit any and all rights he or she may have to object, and shall be

bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders,

and judgments in this matter, including, but not limited to, the release in the Settlement Agreement

if a Final Approval Order and Judgment is entered.  If a Final Approval Order and Judgment is

entered, any Settlement Class Member who fails to object in the manner prescribed herein shall be

deemed to have waived his or her objections and shall be forever barred from making any such

objections in this Action or in any other proceeding or from challenging or opposing, or seeking

to reverse, vacate, or modify any approval of the Settlement Agreement, the motion for Service Awards, or the motion for Fee Award and Expenses.

13.    **Termination of Settlement**. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing as of the date of the execution of the Settlement Agreement if the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

14.    **Use of Order**. This Order shall be of no force or effect if a Final Approval Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, liability, or the certifiability of any class. Nor shall this Order be construed or used as an admission, concession, or declaration by or against the Settlement Class Representative or any other Settlement Class Member that his or her claim lacks merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claim he, she, or it may have in this litigation or in any other lawsuit.

15.    **Stay of Proceedings and Temporary Injunction**.  Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Claims against the Released Entities.

16.    **Settlement Fund**.    The contents of the Settlement Fund shall be deemed and considered to be *in custoda legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

17.    **Taxes**.  The Settlement Administrator is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Settlement Agreement.

18.    The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

19.    **Summary of Deadlines**.  The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

| **Grant of Preliminary Approval** | |
| --- | --- |
| JKD provides list of Settlement Class Members to the Settlement Administrator | +7 days after Preliminary Approval |
| Long Form and Short Form Notices Posted on the Settlement Website | +30 days after Preliminary Approval |
| Notice Deadline | +30 days after Preliminary Approval |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Award | -14 days prior to the Objection Deadline and Opt-Out Deadline |
| Objection Deadline | +60 days after Notice Deadline |
| Exclusion Deadline | +60 days after Notice Deadline |
| Claims Deadline | +90 days after Notice Deadline |
| Settlement Administrator Provide List of Objections/Exclusions to the Court and Settlement Administrator | +7 days after deadline for Opt-Out |
| | |
| **Final Approval Hearing** | +100 days after Preliminary Approval Order |
| Motion for Final Approval | -14 Days before Final Approval Hearing |

| | |
|---|---|
| **Final Approval** | |
| Effective Date | +1 day after all conditions met pursuant to ¶ 30 of Settlement Agreement |
| Payment of Attorneys' Fees and Expenses Class Representative Service Award | +15 days after Effective Date |
| Payment of Claims | +15 days of the Effective Date, or +60 days after the Claims Deadline, whichever is later |
| Settlement Website Deactivation | +30 days after Payment of Claims |

Signed in Baton Rouge, Louisiana, on <u>April 8, 2025</u>.


_____

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**