IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LATRIS JOLLA, CARLIYAH BRACKEN, STEVEN RHODES, on behalf of himself and his minor children, and KAELYN FRANKLIN on behalf of herself and her minor children, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> ACADIA HEALTH, LLC d/b/a JUST KIDS DENTAL, <br><br> Defendant. | Case No. 3:23-cv-01370-SDD-EWD |

**JOINT NOTICE REGARDING CAFA NOTICE AND
IMPACT ON TIMING OF FINAL ORDER ON SETTLEMENT APPROVAL**

Plaintiffs and Defendants jointly apprise the Court of a recently discovered development that will impact the timing of a Final Order on Plaintiffs' pending Motion for Final Settlement Approval, Docket No. 73. As set forth below, the parties agree that the currently scheduled final approval hearing should go forward on August 7, 2025, as currently scheduled. However, pursuant to the Class Action Fairness Act ("CAFA"), a Final Order on settlement approval cannot be entered until October 23, 2025. The parties explain more fully below:

1. This is a data privacy class action, asserting various claims related to a data breach that criminals perpetrated on Defendant's systems.

2. On March 3, 2025, the parties engaged in private mediation, which resulted in an agreement in principle. The Settlement Agreement was finalized and executed on March 27, 2025.

3. On March 28, 2025, Plaintiffs filed their Motion for Preliminary Settlement Approval ("MPA"). (Doc. No. 70.)

4. The Court granted the MPA on April 8, 2025, preliminarily approving the Settlement Agreement, setting a final approval hearing for August 7, 2025, and directing that notice be provided. (Doc. No. 71.)

5. On July 22, 2025, the parties learned that CAFA notice had not been sent to the various state and federal attorneys general, as required by law (*see* 28 U.S.C. § 1715), and requested that the Settlement Administrator do so.

6. The CAFA statute requires that the United States Attorney General and applicable State Attorney Generals be given notice of a proposed class action settlement. *See id.* That notice must include:

- a copy of the complaint and any materials filed with the complaint and any amended complaints (except such materials shall not be required to be served if such materials are made electronically available through the Internet and such service includes notice of how to electronically access such material);
- notice of any scheduled judicial hearing in the class action;
- any proposed or final notification to class members of: (i) the members' rights to request exclusion from the class action; or (ii) if no right to request exclusion exists, a statement that no such right exists;
- a proposed settlement of a class action;
- any proposed or final class action settlement;
- any settlement or other agreement contemporaneously made between class counsel and counsel for the defendants; and
- any final judgment or notice of dismissal.

*See* U.S.C. § 1715(b).

7. The purpose of CAFA is to provide an attorney general with an opportunity to object to a proposed class action settlement, if he or she does not believe the settlement adequately represents the interests of the class.

8. That Act further provides that:

> **Final approval**. An order giving final approval of a proposed settlement may not be issued earlier than 90 days after the later of the dates on which

the appropriate Federal official and the appropriate State official are served with the notice required under subsection (b).

*See* U.S.C. § 1715(d) (emphasis added).

9. On July 25, 2025, the Settlement Administrator served those CAFA notices.

10. Ninety days after July 25, 2025 is October 23, 2025.

11. The parties believe that the hearing currently set for August 7, 2025 should go forward. While there have been no Objectors to date, the notice of the class action settlement set August 7, 2025 as the date of a final approval hearing. It is, thus, possible that anyone wishing to voice objections to the settlement could appear in Court on that date.

12. In light of the foregoing, it is the parties' position that the hearing should go forward on August 7, 2025 but that, pursuant to 28 U.S.C. § 1715(d), the Final Order not be entered until October 23, 2025. Again, this provides both the statutory and ample time for federal and state officials to be heard on this proposed settlement, should they wish to be so heard.

The parties look forward to discussing these issues further with the Court on August 7, 2025.

DATED: July 28, 2025                    Respectfully submitted,

*/s/ Danielle L. Perry*
Danielle L. Perry (admitted *pro hac vice*)
**MASON LLP**
5335 Wisconsin Avenue, NW, Suite 640
Washington, DC 20015
Tel: (202) 429-2290
Email: dperry@masonllp.com

M. Palmer Lambert (#33228)
**PENDLEY, BAUDIN & COFFIN**
1100 Poydras Street, Suite 3525
New Orleans, Louisiana 70163-2225
Tel: (504) 355-0086
Fax: (504) 355-0089
Email: plambert@pbclawfirm.com

Tyler J. Bean (admitted *pro hac vice*)
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, New York 10151
Tel: (212) 532-1091
Email: tbean@sirillp.com

*Counsel for Plaintiffs and the Class*

*/s/ Nicholas O. Zotti*
Nicholas O. Zotti (#35596)
Ronald L. Riggle (#22143)
**LITCHFIELD CAVO, LLP**
1261 W. Causeway Approach, Ste. 200
Mandeville, LA 70471
Tel: (985) 869-8700
Email: zotti@litchfieldcavo.com
Email: riggle@litchfieldcavo.com

Jason E. Hunter (admitted *pro hac vice*)
Bryan Curry (admitted *pro hac vice*)
**LITCHFIELD CAVO, LLP**
303 W. Madison, Suite 300
Chicago, IL 60601
Tel: (312) 781-6587
Email: hunter@litchfieldcavo.com
Email: curry@litchfieldcavo.com

*Counsel for Defendant Acadia Health, LLC d/b/a Just Kids Dental*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of July 2025, I caused a true and correct copy of the foregoing document to be filed with the Clerk of the Court for the Middle District of Louisiana via the Court's CM/ECF system, which will send notification of such filing to the counsel of record in the above-captioned matters.

                                              */s/ Danielle L. Perry*
                                              Danielle L. Perry