IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LATRIS JOLLA, CARLIYAH BRACKEN, STEVEN RHODES, on behalf of himself and his minor children, and KAELYN FRANKLIN on behalf of herself and her minor children, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>ACADIA HEALTH, LLC d/b/a JUST KIDS DENTAL,<br><br>Defendant. | Case No. 3:23-cv-01370-SDD-EWD |

**ORDER**
**GRANTING FINAL APPROVAL OF CLASS SETTLEMENT**

Before the Court is Plaintiffs' unopposed motions requesting that the Court enter an Order granting final approval of the class action Settlement as fair, reasonable, and adequate.

Having reviewed and considered the Settlement Agreement, Plaintiffs' Motion for Approval of Attorneys' Fees, Costs, and Service Awards, and the motion for final approval of the settlement, and having conducted a Final Approval Hearing, the Court makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Final Order and Judgment.

**THE COURT** not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement,

**THE COURT** makes the findings and conclusions hereinafter set forth for the limited

purpose of determining whether the Settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

**IT IS ON THIS** __28th__ day of __October__, 2025,

**ORDERED** that:

1. The Settlement involves allegations in Plaintiffs' Class Action Complaint that Defendant failed to safeguard and protect the personally identifiable information of approximately 129,463 individuals and that this alleged failure caused injuries to Plaintiffs and the Class.

2. The Settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

3. Unless otherwise noted, words spelled in this Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

4. On April 8, 2025, the Court entered an Order which among other things: (a) approved the Notice to the Settlement Class, including approval of the form and manner of notice under the Notice Program set forth in the Settlement Agreement; (b) provisionally certified a class in this matter, including defining the class, appointed Plaintiffs as the Settlement Class Representatives, and appointed Settlement Class Counsel; (c) preliminarily approved the Settlement; (d) set deadlines for opt-outs and objections; (e) approved and appointed the Claims Administrator; and (f) set the date for the Final Approval Hearing.

5. In the Order Granting the Motion for Preliminary Approval of Class Settlement Agreement, pursuant to Rule 23(b)(3) and 23(e), for settlement purposes only, the Court certified the Settlement Class, defined as follows:

> All persons whose Private Information was compromised as a result of the Data Breach discovered by Acadia Health, LLC d/b/a Just Kids Dental in August 2023 including all those to whom Defendant provided notice in or about September 2023.

The Settlement Class is inclusive of three subclasses:

<u>Minor Subclass</u>: Settlement Class Members who were minors at the time of the Data Incident.

<u>Adult Subclass</u>: Settlement Class Members who are not a member of the Minor Subclass.

<u>SSN Subclass</u>: Settlement Class Members whose Social Security numbers were potentially compromised during the Data Incident.

6. The Court, having reviewed the terms of the Settlement Agreement submitted by the parties pursuant to Rule 23(e), grants final approval of the Settlement Agreement and defines the Settlement Class as defined therein and in the Preliminary Approval Order, and finds that the settlement is fair, reasonable, and adequate and meets the requirements of Rule 23.

7. The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

   a. A process for Settlement Class Members to submit claims for compensation that will be evaluated by a Claims Administrator mutually agreed upon by Settlement Class Counsel and Defendant.

   b. A process for some Settlement Class Members to submit claims for Identity Theft Monitoring Services.

   c. Defendant to pay all Notice and Claims Administration costs.

   d. Defendant to pay a Court-approved amount for attorneys' fees of $306,250 (constituting 35% of the Settlement Fund) and litigation expenses of $14,713.54.

   e. Defendant to pay a Service Award not to exceed $3,000 to each of the named Plaintiffs.

8. The terms of the Settlement Agreement are fair, reasonable, and adequate and are hereby approved, adopted, and incorporated by the Court. The Parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the Settlement in accordance with this Order and the terms of the Settlement Agreement.

9. Notice of the Final Approval Hearing, the proposed motion for attorneys' fees, costs, and expenses, and the proposed Service Award payment to Plaintiffs have been provided to Settlement Class Members as directed by this Court's Orders, and an affidavit or declaration of

the Settlement Administrator's compliance with the Notice Program has been filed with the Court.

10. The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Rule 23(c)(2).

11. As of the final date of the Opt-Out Period, zero potential Settlement Class Members have submitted a valid Opt-Out Request to be excluded from the Settlement.

12. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

13. Pursuant to the Settlement Agreement, Defendant, Plaintiffs, and the Claims Administrator shall implement the Settlement in the manner and time frame as set forth therein.

14. Pursuant to the Settlement Agreement, Plaintiffs and the Settlement Class Members release claims against Defendant and all Released Persons, as defined in the Settlement Agreement, as follows:

> "Released Claims" shall collectively mean any and all claims, causes of action, complaints and allegations, including, but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality including, without limitation, claims of negligence; negligence per se; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; intrusion into private affairs; invasion of privacy; fraud; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; breach of the covenant of good faith and fair dealing; and failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, statutory damages, punitive damages, special damages, exemplary damages, restitution, and/or the appointment of a receiver, whether liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, having been asserted presently or in the future, and any other form of legal or equitable relief that either has been asserted, was asserted, or could have been asserted, by any Settlement Class Member against any of the Released Persons based on, relating to, concerning or arising out of the Data Incident or the allegations,

transactions, occurrences, facts, or circumstances alleged in or otherwise described in the complaints filed in the Litigation, defense of the Litigation, the Settlement Agreement, or the Settlement claims process (provided, however, that this release and discharge shall not include claims relating to the enforcement of the terms of the Settlement or this Settlement Agreement) from the beginning of time until the Effective Date of the Settlement Agreement. Released Claims shall include Unknown Claims as defined in Paragraph 70. Released Claims shall not include the right of any Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement, and shall not include the claims of Class Members who have timely excluded themselves from the Class. Settlement Class Members waive any principles of law similar to and including Section 1542 of the California Civil Code, which provides: A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY. Settlement Class Members agree that Section 1542 and all similar federal or state laws, rules, or legal principles of any other jurisdiction are knowingly and voluntarily waived in connection with the claims released in this Settlement Agreement, and agree that this is an essential term of this Settlement Agreement. Settlement Class Members acknowledge that they may later discover claims presently unknown or suspected, or facts in addition to or different from those which they now believe to be true with respect to the matters released in this Settlement Agreement Nevertheless, Settlement Class Members fully, finally, and forever settle and release the Released Claims against the Released Parties.

"Released Persons" means Defendant and its Related Entities, including each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, and the present and former directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, and the predecessors, successors, and assigns of each of them as well as covered entities associated with the data breach.

15.    Upon the Effective Date, each Settlement Class Member, including Plaintiffs, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.

16. Upon the Effective Date, Defendant shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged, Plaintiffs, each and all of the Settlement Class Members, Proposed Settlement Class Counsel, of all claims, including Unknown Claims, based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Litigation, except for enforcement of the Settlement Agreement. Any other claims or defenses Defendant may have against such Persons including, without limitation, any claims based upon or arising out of any retail, banking, debtor-creditor, contractual, employment, or other business relationship with such Persons that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Litigation are specifically preserved and shall not be affected by the preceding sentence.

17. The matter is hereby dismissed with prejudice except that the Court reserves jurisdiction over the consummation and enforcement of the Settlement.

18. In accordance with Rule 23, this Final Order and Judgment resolves all claims against all parties in this Action and is a final order. There is no just reason to delay the entry of final judgment in this matter, and the Clerk is directed to file this Order as the final judgment in this matter.

Done and ordered this __28th__ day of __October__, 2025.

_____
CHIEF JUDGE SHELLY D. DICK
MIDDLE DISTRICT OF LOUISIANA